IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARISOL SANTEE, | : | CIVIL ACTION |
| | : | NO. 12-04853 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    June 30, 2014

## I.   INTRODUCTION

Marisol Santee ("Plaintiff") filed this action, pursuant to
42 U.S.C. §§ 405(g), seeking judicial review of the final
decision of Michael J. Astrue, then-Commissioner of the Social
Security Administration ("SSA"), denying her application for
Disability Insurance Benefits ("DIB") under the Social Security
Act, 42 U.S.C. §§ 401-433. Upon consideration of the
administrative record, submitted pleadings, Magistrate Judge
Linda K. Caracappa's Report and Recommendation ("R&R"), and
objections and responses thereto, the Court will overrule
Plaintiff's objections to the R&R and adopt the R&R.

## II.   BACKGROUND

### A.   Factual Background

Plaintiff's highest level of education is a high school diploma and she has relevant prior work experience as a secretary, a data entry employee, a housekeeper, a medical records scanner, and a telemarketer. See Administrative Record (hereinafter "R.") at 29-30, 67-69, 149.  At the time of her alleged onset date, she was thirty-six years old and living with her husband and three children. R. at 30, 41.  Plaintiff alleges that she suffers from a number of severe impairments, including lumbar spine degenerative disc disease with nerve root impingement, lumbar radiculopathy, cervical disc pathology, and chronic sinusitis. See Pl.'s Br. Supp. Request Review 1 (citing R. at 309, 366, 377, 401, 423, 427, 449, 451, 484).  Plaintiff asserts that these conditions cause "chronic pain in her back, neck, head, knees, shoulder, hands, and joints," making it difficult for her to sit, stand, or even lie down. Pl.'s Br. Supp. Request Review 1.

Plaintiff's alleged onset day is January 16, 2008. Pl.'s Br. Supp. Request Review 2; R. at 44. At that time, Plaintiff was employed as a clerical worker tasked with scanning medical records. R. at 44. At the time that she left her employment, Plaintiff was also in the second trimester of a high-risk pregnancy and was advised by her doctor that the demands of her employment, including carrying a twenty-five pound suitcase, were not recommended during the pregnancy. R. at 44-45.

**B.   Procedural Background**

Plaintiff filed for DIB on March 16, 2009, claiming that she suffered from degenerative disc disease of the cervical and lumbar spines and chronic sinusitis with headaches with an onset date of January 16, 2008. R. at 24, 26. Plaintiff's claim was denied.  Plaintiff requested and was given a hearing before an administrative law judge ("ALJ"). ALJ Paula Garrety presided over a hearing on August 19, 2010. R. at 37-77. At the hearing, Plaintiff was represented by counsel, and the ALJ heard the testimony of Plaintiff and vocational expert Lee Levin. R. at R. at 37-77.

The ALJ issued her Notice of Decision on September 2, 2010, following the five-step sequential analysis of disability claims established by the SSA.[1] See Notice of Decision, R. at 24-31.

---

[1]    An ALJ uses a five-step inquiry to determine if a plaintiff is entitled to DIB. See Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987)). A plaintiff must establish (1) she is not engaged in any substantial gainful activity and (2) she suffers from a severe impairment. Jesurum, 48 F.3d at 117. If the plaintiff satisfies these two elements, the Commissioner determines (3) whether the impairment is "equivalent to an impairment listed by the [SSA] as creating a presumption of disability." Id. (citing Bowen, 482 U.S. at 141).

If the plaintiff's medical impairment is not "listed," the plaintiff must prove that (4) the impairment nonetheless prevents her from performing work that he has performed in the past.  Id.  The relevant inquiry is "whether the plaintiff retains the [RFC] to perform [her] past relevant work." Fargnoli v. Halter, 247 F.3d 34, 39 (3d Cir. 2001).  If the plaintiff proves she does not, the Commissioner must grant her

First, the ALJ found that Plaintiff was not engaged in any substantial employment and ruled that her degenerative disc disease of the cervical and lumbar spines and chronic sinusitis constituted severe impairments. Notice of Decision, R. at 26. Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. R. at 27. The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work in a clean and temperate environment. R. at 27-29. Upon consideration of Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs in significant numbers in the national and local economy that she could perform, including employment within her past relevant occupations of data entry clerk or telemarketer. R. at 29-31. Accordingly the ALJ determined that Plaintiff did not possess a disability as defined in the Social Security Act. R. at 31.

Plaintiff filed for review of the ALJ's decision, and the Appeals Council denied her request for review on June 29, 2012.

---

benefits unless the Commissioner can demonstrate (5) that, considering plaintiff's RFC, age, education, and work experience, there are jobs available in significant numbers in the national economy that the plaintiff can perform. Jesurum, 48 F.3d at 117 (citing Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985)).

Notice of Appeals Council Action, R. at 1-3. At this point, the
Commissioner's decision to deny benefits became final.

Plaintiff filed a request to proceed in forma pauperis on
August 23, 2012, which the Court granted. Order Granting Leave
to Proceed In Forma Pauperis, ECF No. 2.  Plaintiff filed the
pending complaint (ECF No. 3) on November 9, 2012. Defendant
filed his answer (ECF No. 6), along with the administrative
record (ECF No. 7), on January 11, 2013.  Plaintiff later filed
a brief and statement of the issues in support of request for
review (ECF No. 8), which Defendant responded to in opposition
(ECF No. 10). The case was referred to Magistrate Judge Linda K.
Caracappa on March 28, 2013. The Magistrate Judge filed a R&R on
October 31, 2013 (ECF No. 13), recommending that Plaintiff's
request for review be denied and that judgment be entered in
favor of Defendant. Plaintiff filed four objections to the R&R
on November 14, 2013 (ECF No. 14), and Defendant responded to
Plaintiff's objections on November 27, 2013 (ECF No. 15).  The
case is ripe.

**III.  STANDARD OF REVIEW**

The Court undertakes a de novo review of the portions of
the R&R to which Plaintiff has objected.  See 28 U.S.C. §
636(b)(1) (2006); Cont'l Cas. Co. v. Dominick D'Andrea, Inc.,
150 F.3d 245, 250 (3d Cir. 1998).  The Court "may accept, reject

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the Court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. See 42 U.S.C. § 405(g) (2006); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (internal quotation marks omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see also Rutherford, 399 F.3d at 552 ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for

those of the fact-finder.'" (quoting Williams v. Sullivan, 970
F.2d 1178, 1182 (3d Cir. 1992))).

## IV.  DISCUSSION

Plaintiff raises fours objections to the Magistrate Judge's
R&R.  For the reasons that follow, the Court will overrule those
objections and adopt the Magistrate Judge's R&R in full.

### A.   Objection 1: ALJ Erroneously Relied on State Agency Reviewing Medical Opinion which Did Not Reflect Later-Dated Medical Evidence

Plaintiff first objects to the Magistrate Judge's finding
that the ALJ did not err in giving substantial weight to the
medical opinion of Dr. Waldron, a state agency reviewing medical
source, because the administrative record contained medical
evidence which was both collected after Dr. Waldron's opinion
was rendered and contradicted that opinion. See Pl.'s Object.
R&R 1-3, ECF No. 14.

The Third Circuit has held that an ALJ may rely on a state
agency medical consultant even where additional medical records
were created in the time between the consultant's opinion and
the ALJ's decision. See Chandler v. Comm'r Soc. Sec., 667 F.3d
356, 361 (3d Cir. 2011). In fact, in Chandler, the Third Circuit
acknowledged that because "state agency review precedes ALJ
review, there is always some time lapse between the consultant's
report and the ALJ hearing and decision." 667 F.3d at 361.
Therefore, the creation of additional medical evidence on the

7

record only diminishes the weight of a consultant's report where the ALJ determines that the additional evidence might have changed the consultant's findings. Id.

In the present case, the ALJ reviewed Plaintiff's medical record, including medical evidence collected after Dr. Waldron's May 15, 2009 report, and found that this medical evidence as a whole supported Dr. Waldron's opinion. See Notice of Decision, R. at 28-29. Notably, Plaintiff's medical records created after May 15, 2009, documented the same complaints and conditions, without significant change, as earlier medical records reviewed by Dr. Waldron. Compare R. at 214 (Nov. 17, 2006 cervical spine magnetic resonance imaging ("MRI")) and R. at 427 (Jan. 25, 2010 cervical spine MRI); compare R. at 304 (Nov. 10, 2008 maxillofacial/sinus computerized topography ("CT")) and R. at 364 (Apr. 28, 2009 maxillofacial/sinus CT); compare R. at 315-16 (Mar. 29, 2009 lumbar spine MRI) and R. at 483 (Feb. 16. 2010 lumbar spine MRI).

The Court finds that the ALJ's decision to give substantial weight to Dr. Waldron's medical report was not in error, and therefore Plaintiff's objection on this point will be overruled.

B.    Objection 2: ALJ Erroneously Rejected Plaintiff's Testimony as to the Intensity, Persistence, and Limiting Effects of Her Symptoms

Plaintiff's second objection contends that the ALJ's determination of Plaintiff's credibility as to the intensity,

persistence, and limiting effects of her symptoms was erroneous.
Notice of Decision, R. at 28. Plaintiff argues that the
Magistrate Judge, in recommending that the ALJ's credibility
determination was supported by substantial evidence, improperly
"focus[ed] more on technical issues," such as "what
[Plaintiff's] physician did or did not reference in a letter,"
without considering whether the administrative record as a whole
supported finding Plaintiff credible in her representation of
her symptoms and her RFC. Pl.'s Object. R&R 3.

Where an ALJ finds that a claimant lacks credibility and
therefore discounts her representation of symptoms and
impairments, the ALJ is required to provide an explanation of
that credibility determination. See Burnett v. Comm'r Soc. Sec.
Admin., 220 F.3d 112, 122 (3d Cir. 2000). Where the ALJ's
credibility determination is supported by substantial evidence,
however, it is entitled to judicial deference. See Bembery v.
Barnhart, 142 F. App'x 588, 591 (3d Cir. 2005) (not
precedential) (citing Van Horn v. Schweiker, 717 F.2d 871, 873
(3d Cir. 1983)).

In the present case, the ALJ determined that Plaintiff's
"statements concerning the intensity, persistence and limiting
effects of [her] symptoms are not credible to the extent that
they are inconsistent with [Plaintiff's] [RFC]." Notice of
Decision, R. at 28. In support of this credibility

determination, the ALJ cited both to Plaintiff's own description of her daily activities (such as driving a car and completing some household chores) and various medical records indicating that she had a normal gait, that there was no evidence of sensory loss, that electromyogram ("EMG") and single photon emission computed tomography ("SPECT") testing in May and August of 2009 yielded normal results, and that her treating physician had found that her mild disc herniation at L5-S1 was not of a significant degree. See Notice of Decision, R. at 28.

The Court's review is limited to whether evidence on the record was what a "reasonable mind might accept as adequate to support [the ALJ's] conclusion." Rutherford, 399 F.3d at 552. That Plaintiff can cite to other evidence on the record which would support her description of her impairments is of no consequence. The disparity between Plaintiff's description of her symptoms and the impairment documented in the medical records cited by the ALJ constitutes substantial evidence in support of the ALJ's determination of credibility. For this reason, the Court finds that the ALJ's determination of Plaintiff's credibility was not erroneous, and therefore Plaintiff's second objection to the R&R will be overruled.

C.    Objection 3: Erroneous Conclusions Made by ALJ
      Relating to Plaintiff's Medical Records

Plaintiff's third objection to the R&R also takes issue
with the ALJ's finding of Plaintiff's credibility. Plaintiff
argues that while an ALJ is entitled to reject a claimant's
testimony about her condition, the ALJ is required to support
that conclusion with facts that are clear and reasonable. See
Pl.'s Object. R&R 4.

The ALJ in this case discounted Plaintiff's testimony about
the "intensity, persistence and limiting effects of [her]
symptoms" based on a finding that this testimony was
inconsistent with Plaintiff's RFC. Notice of Decision, R. at 28.
Plaintiff claims that the ALJ's RFC determination was based on
two conclusions, relating to Plaintiff's medical tests and the
worsening of her condition, which were "not clear and reasonable
in the record." See Pl.'s Object. R&R 4. For this reason,
Plaintiff asserts, the ALJ's RFC determination, and her decision
to reject Plaintiff's testimony based on this RFC determination,
was unsupported by substantial evidence.

Because Plaintiff challenges two different conclusions made
by the ALJ during her assessment of Plaintiff's RFC, presenting
separate theories for why each conclusion was erroneous, the
conclusions are independently evaluated below.

(i)    ALJ's conclusion that Plaintiff's tests were "mostly
       normal or only showed minor difficulties"

11

Plaintiff first asserts that the ALJ erroneously concluded that Plaintiff's tests were "mostly normal or only showed minor difficulties," when in reality Plaintiff's medical records indicated "lumbar spine pathology," "cervical spine pathology," "left lumbar radiculopathy by EMG," and "sinus disease." See Pl.'s Object. R&R 4. As the Magistrate Judge correctly notes, the ALJ did not merely conclude that Plaintiff's medical tests were normal or showed only minor difficulties.

Under steps 2 and 3 of the SSA's sequential evaluation process, the ALJ determined, based on Plaintiff's medical record, that Plaintiff was severely impaired due to degenerative disc disease of the cervical and lumbar spines and chronic sinusitis, Notice of Decision, R. at 26, but that these impairments did not qualify as "listed impairments," Notice of Decision, R. at 27. The ALJ proceeded, under step 4, to assess Plaintiff's RFC, reviewing the results of Plaintiff's medical records, including a July 23, 2009 lumbar spine MRI, R. at 411-421 (revealing "mild spinal stenosis"), an August 3, 2009 SPECT bone scan of the lumbar spine, R. at 401 (revealing "normal" results), and a November 2008 maxillofacial CT scan, R. at 304 (finding "mild maxillary sinus disease."). The ALJ then noted that these medical records supported the state agency physician's opinion, including his assessment of Plaintiff's

12

ability to perform specific functions (standing, walking, sitting, lifting, and carrying). Notice of Decision, R. at 29. Therefore, the ALJ adopted these functional assessments, and concluded that Plaintiff therefore possessed an RFC to complete light work, in a clean and temperate environment. Notice of Decision, R. at 29.

The Court finds that Plaintiff mischaracterizes the ALJ's assessment of Plaintiff's medical records. In actuality, the ALJ provided a detailed review of Plaintiff's various conditions, corroborated by reference to specific medical documents.

(ii)   ALJ's conclusion that Plaintiff's condition had not deteriorated

Plaintiff also argues that the ALJ erroneously concluded that Plaintiff's condition had not worsened since its alleged onset in January of 2008. See Pl.'s Object. R&R 4; see also Notice of Decision, R. at 29. Plaintiff asserts that the ALJ cites to no evidence to support this conclusion, while substantial medical evidence in the record supported the conclusion that Plaintiff's condition did deteriorate between its onset in January, 2008, and the September 2010 administrative decision.

A review of the administrative record reveals that numerous medical reports indicated that Plaintiff's medical condition was

stable and had not changed since its January 16, 2008 onset.[2]
See, e.g., R. at 420 (July 24, 2009 MRI of lumbar spine showing
no change in L5-S1 disc protrusion); R. at 512 (January 5, 2010
MRI showing no change in the "L5-S1 disc protrusion").
Accordingly, the Court finds that the ALJ's conclusion—that
Plaintiff's medical condition had not deteriorated since—
supported by substantial evidence.

Because the Court finds that the two conclusions of the ALJ
contested by Plaintiff were supported by substantial evidence,
Plaintiff's third objection will be overruled.

D.   Objection 4: Failure by ALJ to assess how each of
     Plaintiff's severe impairments impacted her RFC on a
     function-by-function basis

Plaintiff's fourth objection argues that the ALJ erred by
failing to conduct a function-by-function evaluation of the
impact of Plaintiff's various "severe impairments," as required
by Social Security Ruling 96-8p ("S.S.R. 96-8p"). See Pl.'s
Objects. R&R 4; Pl.'s Br. Supp. Request Review 6. Plaintiff

---

[2]   By contrast, the evidentiary record of a worsening of
Plaintiff's condition is limited to records of Plaintiff's own
description of her symptoms. See, e.g., R. at 409 (noting that
Plaintiff described progressively more severe symptoms); R. at
417 ("[Plaintiff] feels the leg pain is worsening."); R. at 510
("The patient states that lately her pain has worsened."); R. at
560 (noting that Plaintiff stated that her pain had worsened).
Because the ALJ reasonably determined that Plaintiff's testimony
as to the intensity, persistence and limiting effects of her
symptoms was not credible, the ALJ was also reasonable in
discounting medical records that merely relayed Plaintiff's
representation of her own symptoms.

suggests that as a result of this procedural failing, the ALJ's determination of Plaintiff's RFC fails to account for some of her severe impairments, particularly her chronic sinusitis. See Pl.'s Br. Supp. Request Review 11.

When assessing a claimant's RFC, an ALJ must, pursuant to S.S.R. 96-8p, determine an individual's functional limitations and assess her work-related abilities on a function-by-function basis. See S.S.R. 96-8p, 1996 WL 374184; see also Santiago v. Barnhart, 367 F. Supp. 2d 728, 733 (E.D. Pa. 2005) (Robreno, J.). Only after making these individual determinations about a claimant's ability to carry out particular functions may the ALJ express an RFC in terms of a level of exertion, such as "sedentary," "light," or "heavy." S.S.R. 96-8p.

S.S.R. 96-8p does not require, as Plaintiff suggests, that this function-by-function evaluation separately consider each of a claimant's medical impairments. Instead, in assessing RFC, the ALJ must consider the combined effect of all of a claimant's impairments. See 20 C.F.R. § 404.1545(a)(2); Burnett, 220 F.3d at 122.

The ALJ in the present case complied with the function-by-function requirement of S.S.R. 96-8p by identifying specific limitations as to different exertion functions: lifting/carrying, standing/walking, and sitting. See Notice of Decision, R. at 29. These specific functional determinations

15

were supported by substantial evidence on the record, most notably, by Dr. Waldron, whose opinion was given great weight by the ALJ because it was consistent by substantial other medical evidence on the record.

For this reason, the Court finds that the ALJ's assessment of Plaintiff's RFC complied with the requirements of S.S.R. 96-8p and was supported by substantial evidence. Accordingly, Plaintiff's fourth objection will be overruled.

**V.   CONCLUSION**

For the reasons set forth above, Plaintiff's Objections to the Report and Recommendation will be overruled. The Court will adopt the Report and Recommendation in full, awarding judgment to Defendant.

An appropriate order follows.